No. 188.—JULIA CHRISTIAN, Administratrix, et als., *v.* ALVINIA C. LASSITER AND HUSBAND.

'The issuing of an execution against the administrator in his individual capacity, on his failure to pay the judgment creditors of the succession out of the funds of the estate adjudged to be in his hands, is a sufficient compliance with the requirements of articles 1055, 1056 and 1057 of the Code of Practice to authorize proceedings by the creditor against the surety on the administrator's bond.

'In such a suit the surety on the bond can not plead the defense that the debt on which the judgment against the succession is based was prescribed at the time of its rendition.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Ray, J. Todd & Brigham* and *Newton & Hall,* for plaintiffs and appellees. *S. G. Parsons* and *R. W. Richardson,* for ·defendants and appellants.

WYLY, J. The plaintiffs, Julia Christian, administratrix, Charles H. Morrison and Mary A. E. Wroten, as surviving partner in community of E. B. Wroten, deceased, usufructuary and tutrix of her .minor children; have instituted this suit against the defendants, the . representatives of W. R. Lassiter, deceased, to enforce the collection ·of judgments which they hold against the succession of Reuben McMichael, Lassiter being one of the sureties on the bond of James N. McMichael, the administrator of said estate. The facts are correctly stated by the plaintiffs and are the following·:

Mrs. Julia A. Christian, administratrix of the succession 'of Charles

A. Christian, deceased, obtained a judgment against the succession of Reuben McMichael, deceased, represented by James N. McMichael, as administrator, in suit No. 3645 on the docket of the Twelfth District Court, parish of Morehouse, styled Julia A. Christian, administratrix, v. James N. McMichael, administrator, for the sum of $1390, with eight per cent. per annum interest on $1250, from the first January, 1860, and on $140 of said amount, the same rate of interest from the sixth of March, 1861, together with all costs of suit.

E. B. Wroten, now deceased, obtained the judgments in the suit of E. B. Wroten v. James N. McMichael et al., numbered respectively 3400 and 3490 on the docket of the Twelfth District Court, parish of Morehouse, amounting in the aggregate to the sum of $2540, with eight per cent. interest on the sum of $1520, from the first of January, 1861; and from the first of January, 1861, to the first of March, 1861, a like rate of interest on the same amount; and the same rate of interest on $1130, from the first of March, 1861, and costs of both suits.

C. H. Morrison, the other plaintiff, held two mortgaged notes, dated Bastrop, Louisiana, December 15, 1859, for $400 each, and due, respectively, on or before the first day of January, 1861, and 1862, and payable to the said Morrison, or bearer, with eight per cent. interest from date until paid, and signed by R. McMichael.

On the thirtieth day of May, 1866, James N. McMichael, administrator, filed in the Twelfth District Court of the parish of Morehouse a provisional account of his administration of the estate of the said Reuben McMichael, deceased, which said account was opposed by all these plaintiffs on various grounds, as will be seen. Opposition of Julia A. Christian, administratrix, and amended opposition; opposition of E. B. Wroten; opposition of Morrison.

All these oppositions were tried in the parish court of the parish of Morehouse and judgment rendered thereon on the twenty-sixth day of May, 1869, and in this judgment the account of the administrator was corrected in many particulars, and $17,490 was the amount shown to be in the hands of J. N. McMichael, administrator of the funds of the estate.

It was ordered that the several oppositions filed be sustained and the administrator required to pay to plaintiffs their several amounts, as set forth and claimed in this suit.

Notice of this judgment was served on James N. McMichael on the seventh day of June, 1869, and the return of the sheriff thereon states: "I made personal service by handing J. N. McMichael, administrator, a certified copy of this notice of judgment, and at same time I asked him if he intended paying this judgment, or the claims on which it was rendered, and he replied that he could not pay it—that he had nothing to pay with."

Julia Christian, Administratrix, et als., v. Alvinia C. Lassiter and Husband.

The plaintiff then caused execution to issue against James N. McMichael, and the sheriff was unable to find any property belonging to him to be seized under the writ, after calling on McMichael and the plaintiffs in this suit, to point out property; and each and all of them failing to point out property, he then called on L. D. Williams and Alvinia C. Lassiter, wife of Williams, to point out property belonging to J. N. McMichael, to be seized under the writ, which they failed to do, and the same was returned in no part satisfied.

Having failed entirely to find property out of which to enforce their rights under their judgments and claims, as herein set forth, plaintiffs have instituted this suit against Alvinia C. Lassiter and husband, representing the only surety on the bond of said administrator in said parish.

The petition alleges there has been a breach of the said bond given by James N. McMichael, as administrator; that the said bond was executed on the ninth of January, 1862, for the sum of $30,000; that. W. R. Lassiter, deceased, was one of the sureties on the same; that he left an only child, the said Alvinia C. Lassiter, wife of L. D. Williams, both of whom, immediately upon his death, took possession of his entire estate, and by their acts and declarations have accepted the same, purely and simply, and made themselves liable for all the debts of his succession.

The defense set up is embodied in two exceptions filed and in the answer, in substance as follows:

"That this suit was premature, plaintiffs not having taken the necessary steps to enforce payment of the principal obligor, James N. McMichael, no motion having been made by them compelling the said McMichael, as administrator, to file a *brief statement* of his condition with regard to the succession of Reuben McMichael, deceased, and no execution could legally issue against said administrator until this had been done; denies that any legal notice of plaintiffs' judgment was served on the administrator; that E. B. Wroten, whose succession is not made a party, is without any legal representative; that the debts of Christian and Morrison were prescribed when the judgments were rendered, and the prescription of five years pleaded; that the judgments of the parish and district courts are erroneous and those of the former void, for want of jurisdiction," etc.

Upon these issues, the parties went to trial, and there was judgment in favor of Christian, administratrix, and Mrs. Wroten, for the amount of their judgments, interests and costs; and there was judgment in favor of the defendants, Lassiter and husband, and against plaintiff, Morrison, rejecting his demand, with costs.

From this judgment in favor of plaintiffs, the defendants have appealed, and the plaintiff, Morrison, has also appealed.

Julia Christian, Administratrix, et als., v. Alvinia C. Lassiter and Husband.

As to the prematurity of the suit, the plaintiffs not having taken necessary steps to enforce payment against the administrator, the principal obligor, according to articles 1055, 1056, 1057, Code of Practice, we will remark the record of this case shows a sufficient compliance with those articles. No motion was necessary to compel McMichael, the administrator, to file a brief statement of his condition in order to ascertain the amount of funds of the succession in his hands. The account which he filed and which was homologated after the trial of the oppositions of the plaintiffs, showed that he had $17,490, more than sufficient to pay them. He was duly notified of the judgment on the oppositions, in which he was required to pay plaintiffs out of the funds shown to be in his hands.

After his refusal to pay them, as ordered by the court, they caused execution to issue against him, individually, and used every means to enforce payment from him before instituting this suit against the heir of the surety on the administrator's bond.

In Wells v. Roach, 10 An. 543, where the curator had died, it was deemed sufficient to take a rule on his administrator to compel payment of the judgment against him for funds found to be due by the curator. On the discharge of the rule that the administrator of the curator had no funds, suit against the sureties on the bond of the delinquent curator was held not to be premature. In that case, as in this, the question was whether "the necessary steps had been taken" to enforce payment against the principal obligor before suing his sureties?

As to the prescription of the claims on which the judgments of the opponents are based, we will remark that is no defense to the suit on the bond of the administrator against his surety. The surety has no interest in pleading a prescription that does not inure to the benefit of his principal obligor, the administrator. The prescription of the claims of the plaintiffs was for the benefit of the succession, the heirs or creditors.

If the administrator holds $17,490 for the estate, it is to him immaterial to whom the court directs it to be paid, whether to the creditors or heirs. He is bound to pay it to some one on the order of the court. This is his duty as legal mandatory. And the obligation of the surety on his bond is that he will perform his duty; that he will faithfully keep the funds intrusted to him and apply them as directed by the court. Succession of Johnston, 1 An. 76.

The other objections urged by the defendants are unworthy of serious consideration. 20 An. 512; 11 An. 78.

It is therefore ordered that the judgment herein, as to the plaintiff, Julia Christian, administratrix, and the plaintiff, Mary A. E. Wroten, tutrix, etc., be affirmed, and as to the plaintiff, Morrison, that it be

annulled; and it is now ordered that Charles H. Morrison recover judgment against the defendant, Alvinia C. Lassiter, for eight hundred dollars, with eight per cent. per annum interest thereon from fifteenth December, 1859, and costs.

It is further ordered that the appellant, Alvinia C. Lassiter, pay costs of appeal.